IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | Cr. No. C-03-263 (1) |
| V. | § | C.A. No. C-05-117 |
| | § | |
| GUSTABO VILLARREAL JR., | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Gustabo Villarreal, Jr.'s ("Villarreal") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 36),[1] which the Court deems filed as of February 25, 2005.[2] The Court ordered the government to respond, and the government filed a Motion to Dismiss, or, Alternative Motion for Summary Judgment. (D.E. 37, 38, 39). Villarreal has not filed a reply. As discussed in detail herein, one of Villarreal's two claims is subject to dismissal because he waived his right to file that claim. The other claim, which falls outside the scope of his waiver, fails on its merits. For these reasons, discussed in more detail below, the Court DENIES his § 2255 motion. Additionally, the Court DENIES Villarreal a Certificate of Appealability.

---

[1] Dockets entries refer to the criminal case, C-03-cr-263.

[2] Although Villarreal's motion was received by the Clerk on March 4, 2005, it is dated February 25, 2005. Thus, February 25, 2005 is the earliest date it could have been delivered to prison authorities for filing, the pertinent act for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court deems it filed as of the earlier date. Utilizing either date, the motion is timely.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On November 12, 2003, Villarreal was charged in a superseding indictment with knowingly possessing a firearm and knowingly possessing ammunition while a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.E. 12). On December 1, 2003, Villarreal pleaded guilty pursuant to a written plea agreement. (D.E. 19, 20). In exchange for his guilty plea to the ammunition count (Count 2s), and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level credit for acceptance of responsibility, to recommend a sentence at the low end of the guideline range, and to move for the dismissal of Count 1s at sentencing. (D.E. 19, 20).

The plea agreement contained a voluntary waiver of Villarreal's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence impose [sic] or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her

>   conviction or sentence by means of any post-conviction proceeding.

(D.E. 20 at ¶ 8)(emphasis in original).

The Court questioned Villarreal under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. The prosecutor explained the basic terms of the plea agreement, including the waiver of appellate rights and § 2255 rights. (D.E. 41, Rearraignment Transcript ("R. Tr.") at 24). After ensuring that the waiver of his appellate rights was knowing and voluntary, the Court questioned Villarreal regarding his waiver of the right to file a § 2255 motion:

>   THE COURT: You also want to give up your right to file a 28, United States Code, 2255 petition to overturn your conviction and your sentence.
>
>   DEFENDANT: Yes.
>
>   THE COURT: Because you understand you've done that here.
>
>   DEFENDANT: Yes, sir.

(R. Tr. at 26). Villarreal further stated that he had discussed the written plea agreement with his attorney, that he understood it, and that he signed it.(R. Tr. at 25-26). It is clear from the foregoing that Villarreal's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Villarreal on February 18, 2004. After granting one of Villarreal's objections to the PSR, thereby reducing his offense level by four levels, the Court calculated the offense level to be 21. Coupled with Villarreal's criminal history category of IV, the resulting guideline range for a term of imprisonment was 57 to 71 months. (See D.E. 30; D.E. 40 at 11-16). The Court sentenced Villarreal to 60 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $100 special assessment. (D.E. 30, 33). Judgment of conviction and sentence was entered February 23, 2004. (D.E. 33). Consistent with his waiver of appellate rights, Villarreal did not appeal. Villarreal's timely § 2255 motion was filed February 25, 2005. (D.E. 36).

In his motion, Villarreal asserts two claims. First, he argues that he was denied effective assistance of counsel because his counsel failed to conduct any investigation into his offense prior to advising Villarreal to enter a plea of guilty. He argues that if his counsel had interviewed two witnesses, then he would have had evidence to substantiate movant's assertion of innocence. He claims that his guilty plea (and the plea agreement containing his waiver of appellate and § 2255 rights) is void because of the ineffective assistance. (D.E. 36 at 3-4).

Second, Villarreal claims that he should be resentenced, relying on the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). He acknowledges that, at the time of his sentencing, the federal sentencing guidelines were mandatory. Under the

new discretion afforded district courts after Booker, however, he believes he should receive a lower sentence. He argues that Booker resulted in a substantive change in a federal statute, 18 U.S.C. § 3553, rather than announcing a procedural rule, and that the decision can therefore be applied retroactively.

For the reasons set forth herein, Villarreal's claims fail.

### III. DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

The Court need not address whether Villarreal has procedurally defaulted his claims by failing to appeal. Rather, the Court concludes that he waived the second claim in his § 2255 motion (his Booker claim), and thus it does not reach the merits of that claim. See

infra Section III.C.; United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005)(enforcing a waiver of appeal rights that was signed prior to the issuance of United States v. Booker, 125 S. Ct. 738 (2005)).

His claim that he received ineffective assistance with regard to his plea, however, falls outside the scope of his § 2255 waiver, because it is a direct challenge to the validity of the plea and, thus, the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); Cf. United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000)(considering defendant's argument that United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement). Thus, the Court turns first to this claim.

**B.     Ineffective Assistance of Counsel As to Plea**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable

conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071 (1995)("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997)("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Villarreal claims that he received ineffective assistance as to his plea because his attorney did not investigate the offense. He claims that, had his attorney interviewed two unidentified witnesses, then he would have found evidence to substantiate Villarreal's claims of innocence. Villarreal does not state that he would not have pleaded guilty absent the advice of counsel to do so. Nonetheless, to the extent his claims can be construed as a challenge to the voluntariness of his plea, his contentions are flatly contradicted by his own testimony at his rearraignment, and thus his claim fails.

At the time that Villarreal pleaded guilty, the Court properly and fully assured itself that his plea was knowing and voluntary, as a trial judge is required to do. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 112 S. Ct. 1678 (1992)(defendant must have a full understanding of what the plea connotes and of its consequences). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. United

7

States v. Garcia, 983 F.2d 625, 627-28 (5th Cir. 1993).  In this case, Villarreal's own testimony makes clear that his guilty plea was knowing and voluntary.

At his rearraignment, Villarreal testified in open court that he had received a copy of his indictment and discussed it with his attorney. (R. Tr. at 15).  He testified that he had enough time to talk with his attorney about his case, that he was satisfied with his services, that his counsel had been a good lawyer, and that his counsel was following Villarreal's instructions. (R. Tr. at 15-16).  The Court informed Villarreal of the various trial rights available to him, and he testified that he understood that if he pleaded guilty, he would be giving up those trial rights.  (R. Tr. at 16-20).  The Court informed Villarreal of the charge against him and Villarreal testified that he understood the charge.  (R. Tr. at 20-21).

Consistent with Rule 11, Fed. R. Crim P., the Court explained to Villarreal the maximum punishment that he might receive.  Specifically, the Court informed him that he could be sentenced to a maximum of ten years in prison and a maximum fine of $250,000.  The Court also informed him that there was a mandatory $100 special assessment, and a minimum supervised release term of three years.  (R. Tr. at 22-23).

Villarreal testified that no one had threatened him or forced him to plead guilty, that no one had promised him leniency for pleading guilty, and that it was his decision to plead guilty. (R. Tr. at 23).

Villarreal's sworn statements in open court are entitled to a strong presumption of truthfulness.  United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001)(citing

8

Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Put simply, Villarreal's sworn statements preclude the relief he seeks here. His guilty plea was not induced by his counsel's lack of investigation. The record fully supports the conclusion that pleading guilty was his own decision.

Moreover, his claim that his attorney failed to adequately investigate the case and therefore gave bad advice in urging him to plead guilty, fails because he cannot establish prejudice. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Villarreal states that if trial counsel had investigated the case by interviewing two unidentified witnesses, he would have substantiated Villarreal's claims of innocence.

He does not state with specificity what the investigation would have revealed or how it would have cause him to proceed to trial instead of pleading guilty. See Green, 882 F.2d at 1003. Moreover, there is no presumption of prejudice based on a failure to investigate. Woodard v. Collins, 898 F.2d 1027, 1029 (5th Cir. 1990). Because Villarreal has not raised any specific facts that would show prejudice as a result of counsel's alleged failure to investigate, his claim fails.

Because the Court concludes that the Villarreal's only challenge to the plea agreement fails, then his waiver of § 2255 rights contained in his plea agreement is valid and

enforceable. The effect of the waiver is discussed more fully in the subsequent section.

### C.  Waiver of § 2255 Rights

It is clear from the rearraignment that Villarreal understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for his waiver to be enforceable. (R. Tr. at 26). See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Again, Villarreal's statements under oath are entitled to a strong presumption of truthfulness. Wilkes, 20 F.3d at 653; United States v. Cothran, 302 F.3d at 283-84. Those statements support a finding that his wavier was knowing and voluntary.

In sum, the Court concludes that Villarreal's waiver of his right to file a § 2255 motion is valid and enforceable. Thus, while his ineffective assistance claim as to his plea is denied on the merits, his remaining claim -- a claim premised on Booker -- falls within the scope of his waiver. That claim, therefore, is not properly before the Court. See generally Wilkes, supra; White, supra; McKinney, supra. For these reasons, his § 2255 motion is DENIED in its entirety.

### D.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Winter has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson,

211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S.

at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Villarreal's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claim that this Court has addressed on procedural grounds, the Court finds that Villarreal cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find this Court's ruling that his waiver bars his Booker claim debatable. Accordingly, Villarreal is not entitled to a COA as to his claims.

### E.    Additional Requests

As part of his motion, Villarreal also asks that the Court hold an evidentiary hearing on his motion, and further requests counsel to represent him in his § 2255 proceedings.

An evidentiary hearing may be held in § 2255 proceedings if the district judge determines that it is warranted. RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 8(a). Based on the record before it, the Court is convinced that an evidentiary hearing is unnecessary. Where, as here, the record is clearly adequate to dispose fairly of the movant's allegations, the court need inquire no further. United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990). Because Villarreal's motion and the record in this case are clearly adequate to dispose of his allegations, there is no need for an evidentiary hearing.

Similarly, in light of the Court's denial of his substantive motion, there is no need to

appoint counsel to represent Villarreal.  Cf. RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 8(c)(appointment of counsel is required in Section 2255 cases only if an evidentiary hearing is held; otherwise, the district court may appoint counsel in its discretion).  His request for appointment of counsel is therefore DENIED.

## IV.  CONCLUSION

For the above-stated reasons, Villarreal's motion under 28 U.S.C. § 2255 (D.E. 36) is DISMISSED WITH PREJUDICE.  The Court also DENIES him a Certificate of Appealability.  Finally, Villarreal's requests for an evidentiary hearing and for appointment of counsel are DENIED.

Ordered this 24th day of August, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE